IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JAMES C. PLATTS,

    Petitioner,

v.                                                                                                                        Civil Action No. 5:14cv72
                                                                                                                       (Judge Stamp)

UNITED STATES OF AMERICA,[1]

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On May 27, 2014, in a 40-page type-written petition, filed without a motion for leave to file excess pages, the *pro se* petitioner filed an application for Habeas Corpus pursuant to 28 U.S.C. §2241. Because his petition was not on a court-approved form and he had not paid the filing fee or sought permission to proceed *in forma pauperis,* the Clerk of Court issued a Notice of Deficient Pleading, advising him to correct those deficiencies within twenty-one days, or by June 17, 2014. On June 6, 2014, petitioner filed his petition on a court-approved form. On June 24, 2014, he paid the required $5.00 filing fee.

On October 20, 2014, without seeking leave of court, petitioner filed a Motion to Amend Filed Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241.

---

[1] Title 28 U.S.C. § 2241 states in pertinent part that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. The writ, or order to show cause shall be directed to the person having custody of the person detained. Id. (Emphasis added). Therefore, in a § 2241 habeas corpus case, the only proper party respondent is the Warden of the institution in which the petitioner is incarcerated. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973). Accordingly, the United States of America is not a proper respondent in this action. Here, while petitioner initially named the United States as the respondent herein, in his court-approved form, petitioner substituted the name of Terry O'Brien, Warden of Hazelton SPC, as respondent.

On December 19, 2014, in the Fourth Circuit Court of Appeals, petitioner filed a petition for writ of mandamus, seeking to compel this court to "address the colloquy transcript that is in direct conflict with the court docket and statutes."[2]

This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

## II. Procedural History

On February 1, 2011, in the Western District of Pennsylvania, the petitioner was charged in a 6-count superseding indictment with four counts of Mail Fraud, in violation of 18 U.S.C. §1341; one count of Money Laundering, in violation of 18 U.S.C. §1956(a)(1)(A)(i); and one count of Mail Fraud Conspiracy, in violation of 18 U.S.C. §1849, for a scheme of fraudulent activities he engaged in between 2005 – 2007.[3] On October 17, 2011, pursuant to a written plea agreement,[4] petitioner entered a plea to all counts. On April 23, 2012, he was sentenced to a term

---

[2] Platts v. O'Brien (4th Cir. Dkt.# 2) (14-2389).

[3] At the time petitioner committed these acts, he was on probation for a conviction in the Court of Common Pleas of Allegheny County, Pennsylvania, having entered a plea to Theft by Failing to Make Required Disposition of Funds. See Presentence Investigation Report ("PSR"), ¶30 at 10 (W.D. Pa. Dkt.# 121)(2:10cr176). Petitioner was originally indicted on the instant charges in August, 2010, while incarcerated on federal income tax charges. See Case No. 2:09cv1198, W.D. Pa. He was released from prison after serving that sentence to begin serving his term of supervised release on October 29, 2010. See PSR, ¶2 at 6 (W.D. Pa.. Dkt.# 121)(2:10cr176).

[4] The plea agreement contained a limited waiver of appellate rights and a waiver of collateral attack rights:

> James C. Platts waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
>
> (a) If the United States appeals from the sentence, James C. Platts may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, James C. Platts may take a direct appeal from the sentence.
>
> **James C. Platts further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255,** attacking his conviction or sentence, **and the right to file any other collateral proceeding attacking his conviction or sentence**.

2

of imprisonment of 46 months on each count, each term to run concurrently;[5] three years of supervised release on each count, to be served concurrently; and along with his co-defendants, directed to jointly and severally make restitution to the victims in the amount of $80,145.95. Petitioner timely appealed. By Order entered January 11, 2013, the Third Circuit Court of Appeals granted the United States' motion to enforce the appellate waiver and granted summary affirmance of the district court's judgment. On February 1, 2013, petitioner moved, out of time, to petition for rehearing *en banc* and before the original panel; the motion was granted. By Order entered April 17, 2013, the petition for *en banc* and panel rehearing was denied. Petitioner then filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on October 7, 2013. Likewise, petitioner's petition for rehearing before the United States Supreme Court was also denied, on January 13, 2014.

On January 10, 2013, while represented by counsel for his then-still-pending direct appeal, petitioner filed a *pro se* motion to vacate pursuant to 28 U.S.C. §2255 and §2241 to Order and Compel Discovery in the sentencing court. By Order entered January 13, 2013, the motion was denied for lack of jurisdiction because of the pending appeal.

On July 1, 2013, also in the sentencing court, petitioner filed a Motion to Grant Leave for Recusal of the District Judge; it was denied by Order entered the following day. On October 29, 2013, he filed a Motion Requesting Discovery; it was likewise denied by Order entered the following day. On November 21, 2013, he filed Motion to Appeal Conviction and Sentence Under 18 U.S.C. §3742. By Order entered December 2, 2013, petitioner was directed to advise the court as to whether he elected to have his motion construed as one pursuant to 28 U.S.C.

---

See ¶5, Exh. C-2, Appellee's Motion to Enforce Appellate Waiver by Summary Action and Request for Stay of Briefing Schedule (4th Cir. July 11, 2012)(12-2327)(emphasis added).

[5] The BOP's online Inmate Locator indicates that petitioner's expected date of release is August 26, 2015.

§2255 or whether it was to be ruled on as filed. Petitioner responded on December 12, 2013, advising that his motion was *not* to be construed as one arising under §2255. Along with his response, he filed a Motion to Compel Copies of Ordered Responses, and a Motion for Reconsideration of the October 30, 2013, Order denying his Motion Requesting Discovery. On February 3, 2014, he filed a Motion for Rule 60 Relief from Judgment. On March 27, 2014, he filed Motion for the District Court to Properly Comply with the Provisions of Rule 32 and 18 U.S.C. §3664 and a Motion to Properly Address no Established Victim and No Determination of Any Loss in Violation of Rule 32 and 18 U.S.C. §3664. On April 2, 2014, he filed a Motion to Properly Address an Unaccepted Factual Basis to Support a Conviction. On April 9, 2014, despite not having been convicted of a crack cocaine offense, he filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses.

On February 2, 2014 in the Third Circuit Court of Appeals, petitioner filed a petition for writ of mandamus and on April 10, 2014, a Motion for Rule 29 Judgment of Acquittal Based on Actual Innocence; both were summarily denied on May 5, 2014.[6]

On May 13, 2014 in the sentencing court, he filed a Motion for a Rule 29 Judgment of Acquittal Based on Actual Innocence. On July 2, 2014, he filed a Motion to Properly Calculate the Term of Imprisonment and Apply all Statute Credits. On August 18, 2014, he filed a Motion to Vacate Under 28 U.S.C. §2255. Three days later, on August 21, 2014, he filed a Motion to Reduce Sentence. On September 2, 2014, he filed a second Motion to Vacate Under 28 U.S.C. §2255. On September 9, 2014, he filed a Motion for Rule 60 Relief from Judgment. By Memorandum Opinion and an Omnibus Order, entered September 10, 2014, all of his pending *pro se* motions were dismissed with prejudice; the sentencing court specifically noted that no

---

[6] (3rd Cir. May 5, 2014)(14-1410).

certificate of appealability would issue. On September 22, 2014, petitioner filed a notice of appeal of the September 10, 2014 Omnibus Order.

On October 14, 2014, in the Third Circuit Court of Appeals, petitioner filed a Motion to Issue Certificate of Appealability Under 28 U.S.C. §2253 Based Upon the Denial of Constitutional Rights by the Misrepresentation of the Actual Facts.[7] As of the date of this R&R, no decision has yet been rendered by the Third Circuit.

On January 10, 2014, petitioner filed a Petition for Writ of Mandamus in the Fourth Circuit Court of Appeals, seeking "timely review" of a prior §2241 petition[8] filed in this court,[9] challenging this same conviction and sentence in a 35-page petition. It was denied on April 1, 2014.

## II. Analysis

### A. 28 U.S.C. § 2241

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole,

---

[7] (3rd Cir. Oct. 14, 2014)(14-4128).

[8] See Case No. 1:13-cv-00178.

[9] (4th Cir. Dkt.# 2)(14-1029).

5

computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his money laundering and mail fraud convictions and sentences, rather than the means of the execution of his sentences, and seeks to have "the government and the court . . . comply with the terms of the agreement made with the Petitioner . . . NO admission of any guilt, NO guilty plea, NO conviction, NO committed offenses, NO accepted factual basis, NO established victim and NO determined loss . . . [therefore] the unreasonable sentence should be properly corrected[.]"[10]  Accordingly, petitioner's claims are the type of challenge that ordinarily must be brought under §2255 and not §2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of §2241, but only when §2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

---

[10] Dkt.# 5-1 at 37.

Id. at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that §2255 is an adequate or ineffective remedy, and he has improperly filed a § 2241 petition.

## B. **Petitioner's Abusive Filings with the Federal Courts**

A review of PACER reveals that petitioner has a long history of abusively filing non-meritorious cases, repeatedly raising the same arguments that have previously been rejected.

Twenty-Eight U.S.C. §1915(g) provides as follows:

> ***In no event shall a prisoner bring a civil action or appeal a judgment in a civil action*** or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g)(emphasis added).

Commonly known as the "three strikes" rule of the Prison Litigation Reform Act of 1995 [PLRA],[11] the statute abrogates prisoners' entitlement to bring civil actions or appeals *in forma pauperis* after having three or more such actions dismissed as frivolous, malicious or failing to state a claim unless they are in danger of serious physical harm. It does not preclude them from filing such actions and paying the filing fee in full as they initiate them rather than in payments as anticipated by 28 U.S.C. §1915(b)(1) when they are granted *in forma pauperis* status.

---

[11] The statute does not apply to habeas actions. Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997), *cert. denied*, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d 1036 (1997)("[A]pplying the PLRA to habeas actions would have an inequitable result certainly unintended by Congress: a prisoner who had filed three groundless civil suits might be barred any access to habeas relief.") *quoting from* Chief Judge Posner's opinion in Martin v. United States, 96 F.3d 853, 855 - 56 (7th Cir. 1996).

7

Incident to petitioner's many filings in this court, the sentencing court, and in the Third and Fourth Circuit Courts of Appeals, he has already accrued at least four strikes, one in this district, one in the Western District of Pennsylvania, and one each, affirmed by the Third and Fourth Circuits on appeal. The Third Circuit Court of Appeals has advised petitioner it is considering imposing sanctions for his behavior.[12]

In addition to the barrage of abusive and frivolous challenges to petitioner's convictions and sentences by means of non-habeas post-conviction motions filed in the sentencing court, noted *supra*,[13] a PACER search reveals that since December, 2012, petitioner has filed nine separate civil actions in two districts, directly or implicitly attacking either his prior conviction and already-served sentence on tax evasion charges, or the convictions and sentences for money laundering and mail fraud challenged in the instant petition. Three of those civil actions were ostensibly civil rights cases; two of them earned him his four strikes;[14] three others were dismissed for failure to prosecute, because petitioner failed to pay his filing fees. The instant case is his fourth of four §2241 petitions filed in this court, all of which, in truth, have been §2255 motions in disguise,[15] collaterally attacking his convictions and/or sentences. In addition

---

[12] "The mandamus petition at issue here represents Platts' fifth attempt, and it relies on an argument that we have already rejected, in one form or another, six times . . . Platts is cautioned that, if he persists in raising repetitive arguments, we may consider imposing appropriate sanctions, including an injunction against filing documents without prior leave of court." (3rd Cir. Dkt.# 4 at 1 and 4)(13-4508).

[13] Petitioner has pursued a similar course of frenzied post-conviction challenges to his tax evasion convictions.

[14] Petitioner's "civil rights" cases were: 2:12cv1788 (W.D. Pa.), filed on December 12, 2012, attacking his tax evasion conviction; it was **dismissed for failure to state a claim** upon which relief could be granted on September 9, 2013; *aff'd.* (3rd Cir. Sep. 5, 2014)(13-4393); and 2:13cv42 (N.D. W.Va.), attacking his tax evasion conviction, filed on June 11, 2013 and **dismissed as frivolous** on September 12, 2013; in the Report and Recommendation issued in that case, petitioner was warned of the Three-Strikes Rule. Despite the warning, petitioner appealed to the Fourth Circuit Court of Appeals, where, on December 24, 2013, this court's **decision was affirmed by unpublished *per curiam* opinion "for the reasons stated by the district court."** (4th Cir. Dkt.# 7)(13-7574). Petitioner's remaining "civil rights" case, 2:13cv803 (W.D. Pa.), also attacking his tax evasion conviction, was filed on June 13, 2013 and dismissed on June 26, 2013 for failure to prosecute, because he did not pay the filing fee.

[15] See 5:13cv61 (N.D. W.Va.), challenging his tax evasion convictions, filed on May 3, 2013 and dismissed as an improperly-filed §2241 petition on September 6, 2013, *aff'd.* (4th Cir. Dkt.#5)(13-7486). Undeterred, petitioner filed

to the mandamus action filed on December 22, 2014 in the Fourth Circuit regarding the instant §2241 petition, he has filed mandamus actions in the Fourth Circuit in two of his other §2241s while they were pending in this court, and at least seven mandamus actions in the Third Circuit, challenging his convictions in both of his underlying criminal cases, or seeking to have the district judges in his underlying criminal cases recused from his post-conviction filings because of their alleged "bias." Now, petitioner's preferred vehicle for abusive filings appears to be repetitive §2241 habeas motions in this court, attacking his convictions, obvious attempts to circumvent the prohibition successive §2255 motions. Because they are habeas motions, they cannot be barred by the PLRA. Petitioner also appears to have a predilection for mandamus actions in the Courts of Appeals.

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED with prejudice.**

Further, the undersigned recommends that petitioner's pending Motion to Amend Filed Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 (Dkt.# 9) be **DENIED as moot**.

Finally, the undersigned recommends that because of the petitioner's continuing abuse of *in forma pauperis* status, the court **ORDER** as follows:

(1) That petitioner be **ENJOINED** from filing any further actions in this district without first paying the required filing fee in full or seeking and obtaining leave from the District Court

---

a motion for remand, again challenging the convictions in some detail; the motion was deemed moot by Notice entered December 10, 2013. The remaining §2241s are: 1:13cv178, challenging his money laundering and mail fraud convictions, filed on August 1, 2013 and recommended for dismissal as an improperly filed §2241 and for the entry of a pre-filing injunction on February 2, 2014; and 1:13cv257 (N.D. W.Va.), again challenging his tax evasion convictions, filed on December 5, 2013, and dismissed as an improperly-filed §2241 petition on May 5, 2014, appeal docketed, No. 14-1235 (4th Cir. Oct. 22, 2014).

to file *in forma pauperis*. To receive *in forma pauperis* status in the future, petitioner must demonstrate to the court that he is in imminent danger of serious physical injury.

(2) That in accordance with the pre-filing injunction to be issued against petitioner, the Clerk of the Court be **ORDERED** to refuse any new complaints for filing in a matter from petitioner before obtaining leave by the undersigned Judge.

(3) That leave of Court be forthcoming upon petitioner's demonstration through a properly filed motion that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11.

(4) That the pre-filing injunction imposed shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals, and papers filed solely in furtherance of such appeals; and

(5) that petitioner receives notice that any failure to comply with the court's directive will constitute contempt of court and will subject him to court-ordered sanctions.

**Within fourteen (14) days** after being served with a copy of the Report and Recommendation, **or by February 18, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S., 1208 (1984).

The Clerk of the Court is directed to substitute the name of Terry O'Brien, Warden, as the respondent in this action. The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED: February 4, 2015

/s/ James E. Seibert<br>
JAMES E. SEIBERT<br>
UNITED STATES MAGISTRATE JUDGE