IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES C. PLATTS,

    Petitioner,

v.                                            Civil Action No. 5:14CV72
                                                      (STAMP)

TERRY O'BRIEN,
Warden of Hazelton SPC,[1]

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND ENTERING PRE-FILING INJUNCTION**

I.    Background

The petitioner, James C. Platts, filed a pro se[2] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner then filed a motion to amend his petition without seeking leave of court. Later, he filed a petition for writ of mandamus with the United States Court of Appeals for the Fourth Circuit.

In his current petition, the petitioner challenges the validity of a sentence imposed upon him in the United States

---

[1]The petitioner initially filed this action against the "United States of America." However, as the only proper respondent is the warden of the institution at which the petitioner is housed, the petitioner substituted the name "Terry O'Brien, Warden of Hazelton SPC" as respondent on his court-approved form.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

District Court for the Western District of Pennsylvania ("WDPA"). The petitioner entered a plea agreement wherein he pleaded guilty to six counts–four counts of mail fraud, one count of money laundering, and one count of mail fraud conspiracy. He was sentenced to a term of imprisonment of 46 months on each count, each to run concurrently.

Following his sentencing, the petitioner appealed to the United States Court of Appeals for the Third Circuit. The Third Circuit dismissed the appeal. A writ of certiorari filed with the United States Supreme Court was also denied. The petitioner then filed a motion under 28 U.S.C. §§ 2255 and 2241, which was denied because his appeal to the Supreme Court was still pending. Subsequent motions were filed and denied with prejudice, including a motion for recusal of the WDPA district court judge. Certificates of appealability for that petition were denied.

In his petition, the petitioner argues that he should not have been convicted because he never pled guilty during the plea hearing. Further, the petitioner argues that he did not waive his appellate rights during the plea hearing. The petitioner also contends that he was incorrectly sentenced and that the sentencing court incorrectly determined the restitution in the underlying action.

This petition was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation

pursuant to Local Rule of Prisoner Litigation Procedure 2. In his report and recommendation, the magistrate judge found that the petitioner had failed to meet the <u>Jones</u>[3] requirements and thus, he had not shown that § 2255 is inadequate and improperly filed his § 2241 petition. The magistrate judge also found that the petitioner has been an abusive filer and should be enjoined from filing further actions in this district court without first paying the required filing fee or obtaining leave to proceed <u>in forma pauperis</u>, which would require the petitioner to demonstrate that he is in imminent danger of serious physical injury. The magistrate judge noted the excessive motions practice in the sentencing court, that this was the fourth of four § 2241 petitions that the petitioner had filed in this court, and that he has filed nine separate civil actions in two districts since December 2012.

The petitioner timely filed objections. In his objections, the petitioner reiterates his arguments from his petition but adds that the district court and other government actors acted fraudulently and made factual misrepresentations.

For the reasons that follow, this Court finds that the petition should be dismissed with prejudice, the petitioner's motion to amend denied as moot, and the injunction should be granted.

---

[3]<u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000).

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to certain portions of the report and recommendation, the magistrate judge's recommendation will be reviewed de novo. As to those portions of the recommendation to which there were no objections filed, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

A. Petition

Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise

4

the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d 328.

In this case, the petitioner has failed to establish the elements required by Jones. The petitioner has not attempted to satisfy the Jones test either in his petition or through his objections which simply reiterate the arguments he made in his initial petition. Mail fraud, in violation of 18 U.S.C. § 1341, and money laundering, in violation of 18 U.S.C. § 1849, both remain valid criminal offenses. Thus, the petitioner cannot meet the second element of Jones and is foreclosed from making an argument under the savings clause. Accordingly, the magistrate judge's recommendation must be adopted.

B. Motion to Amend

In his report and recommendation, the magistrate judge recommended that the petitioner's motion to amend be denied as moot. The petitioner did not address this recommendation in his

5

objections and thus, this Court will undertake review of this finding under a clearly erroneous standard. This Court adopts the magistrate judge's finding as just finding was not made in clear error as the petition is to be dismissed with prejudice.

C. <u>Filing Injunction</u>

The petitioner's objections fail to address why a filing injunction should not be entered against him. Thus, the magistrate judge's recommendation to enjoin the petitioner from filing any further actions in this district without first paying the required filing fee in full or seeking an obtaining leave from the district court to file <u>in forma pauperis</u> will be reviewed for clear error.

The Prisoner Litigation Reform Act restricts when a complaint may be filed without prepayment of fees or, in other words, under <u>in forma pauperis</u> status. This restriction is commonly referred to as the "three strikes rule". Specifically, 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the magistrate judge noted, the petitioner has already accrued at least four strikes, including one in this Court. Further, the petitioner has filed nine civil actions attacking the same

convictions as attacked in this case. See ECF No. 12 at 8-9. Because the petitioner has filed at least three civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted, based on the strikes he has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." Thus, this Court finds that the magistrate judge's recommendation was not in clear error.

IV. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the recommendation to DENY and DISMISS WITH PREJUDICE petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the petitioner's objections are hereby OVERRULED. Further, pursuant to a clearly erroneous standard, the petitioner's motion to amend is DENIED AS MOOT and the recommendation to GRANT a filing injunction is adopted.

Accordingly, the petitioner is ENJOINED from filing any further actions in this district without first paying the required filing fee in full or seeking and obtaining leave from the Court to file in forma pauperis. To receive in forma pauperis status in the future, the petitioner must demonstrate to the court that he is in imminent danger of serious physical injury.

In accordance with this injunction, the Clerk of Court is ORDERED to refuse any new complaints for filing in a matter from the petitioner before obtaining leave by the undersigned. Leave of court will thereafter only be granted if the petitioner can demonstrate that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11.

This pre-filing injunction shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals, and papers filed solely in furtherance of such appeals. Finally, the petitioner is hereby NOTIFIED that any failure to comply with this Court's directive will constitute contempt of court and will subject him to court-ordered sanctions.

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

The petitioner is ADVISED that because he only filed objections as to the dismissal of his petition, that is the only part of this opinion that he may appeal. Further, should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this

Court within sixty days after the date of the entry of this judgment order.

As to the denial of the petitioner's motion to amend and the placement of a pre-filing injunction against him, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner failed to object to the recommendations as to his motion to amend and the implementation of a pre-filing injunction, he has waived his right to seek appellate review of those matters. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 31, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE